IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OTHON B. CALVILLO,

    Plaintiff,

v.                                                     No. 21-cv-0892 KWR/SMV

LEA COUNTY DETENTION CENTER, *et al*,

    Defendants.

**ORDER TO CURE DEFICIENCIES**

THIS MATTER is before the Court on Plaintiff's Letter Regarding Bribery and Conspiracy by a Public Official [Doc. 1] ("Letter-Filing"). Plaintiff is incarcerated at the Lea County Detention Center and is proceeding *pro se*. The Letter-Filing alleges officials in the New Mexico Adult Probation Office solicit "donations" for "dirty UA's." [Doc. 1] at 1–2. Said differently, the officials allegedly collect money from Plaintiff each time his urine sample tests positive for drugs. The Letter-Filing includes correspondence to the "State Ethics Commission" reporting the "pay to play" system. *Id.* at 4. Plaintiff asks the Court to "Please enforce our laws." *Id.* at 2. In a section of the Letter-Filing titled "Remedy," he also cites New Mexico statutes and asks "to be given a new opportunity and new probation office." *Id.* at 6.

Where all parties are in New Mexico, federal courts generally only adjudicate cases that implicate federal law. *See* 28 U.S.C. § 1331. It is not entirely clear what federal question, if any, the Letter-Filing presents. Most prisoners assert civil rights claims under 42 U.S.C. § 1983. If the execution of a state sentence or parole violates federal law, prisoners seek relief under 28 U.S.C. § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)

("Petitions under § 2241 are used to attack the execution of a sentence . . . [and] may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters."); *Sutton v. Mikesell*, 810 F. App'x 604, 606 (10th Cir. 2020) (applying § 2241 to review state parole board's decision to defer a conditional grant of parole). Prisoners can also seek relief under other federal laws, but Plaintiff is reminded he cannot raise a claim under a criminal statute. "[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (citation omitted).

The Court will permit Plaintiff to clarify his claims and the basis for federal subject-matter jurisdiction in an amended pleading. The Clerk's Office will mail Plaintiff a form § 1983 civil rights complaint and a form § 2241 habeas petition. Plaintiff must complete and return an appropriate pleading (using one of those forms or his own form) no later than **October 29, 2021**. The amended pleading must allege a violation of federal law or the U.S. Constitution to establish a basis for federal jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

By the same deadline, Plaintiff must prepay the appropriate filing fee ($402 for a civil action, $5 for a § 2241 habeas action) or, alternatively, file an *in forma pauperis* motion. The Clerk's Office will mail Plaintiff a blank *in forma pauperis* motion along with the form pleadings. Any *in forma pauperis* motion must include a certified inmate account statement reflecting transactions between March 13, 2021, and September 13, 2021. All filings should include the case number (21-cv-0892 KWR/SMV).

If Plaintiff fails to timely file an amended pleading that raises a federal question <u>and</u> address the filing fee for that pleading, the Court will dismiss this case without further notice.

**IT IS THEREFORE ORDERED** that no later than **October 29, 2021**, Plaintiff file an amended pleading as set forth above.

**IT IS FURTHER ORDERED** that no later than **October 29, 2021**, Plaintiff prepay the appropriate filing fee ($402 for a civil action, $5 for a § 2241 habeas action) or, alternatively, file an *in forma pauperis* motion along with an inmate account statement reflecting transactions between March 13, 2021, and September 13, 2021.

**IT IS FURTHER ORDERED** that the Clerk's Office send Plaintiff a form civil rights complaint; a form 28 U.S.C. § 2241 habeas petition; and a form motion to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**